UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BENANTI,<br><br>        Plaintiff,<br><br>   v.<br><br>J. DOERER,<br><br>        Defendant. | Case No. 1:24-cv-01108-CDB (PC)<br><br>**ORDER TO SEVER ACTION**<br><br>**ORDER HOLDING IN ABEYANCE PLAINTIFF'S MOTION FOR INJUNCTION**<br><br>**ORDER DENYING REQUEST TO EXPEDITE, REQUEST FOR WAIVER TO PROCEED *IN FORMA PAUPERIS*, REQUEST TO APPOINT COUNSEL, AND REQUEST FOR ORDER PREVENTING RETALIATION**<br><br>**ORDER DENYING NON-PARTIES' MOTIONS TO JOIN CLASS ACTION**<br><br>**ORDER TO SUBMIT SIGNED COMPLAINTS**<br><br>(Docs. 1, 3-6)<br><br><u>45-DAY DEADLINE</u><br><br>Clerk of the court to open individual cases |

       Plaintiff Michael Benanti ("Plaintiff"), a federal prisoner proceeding pro se, initiated this action on September 18, 2024, with the filing of a complaint on behalf of himself, ten other

named plaintiffs (none of whom signed Plaintiff's complaint), and a purported, putative class of others. (Doc. 1). Plaintiff also has filed a motion for an injunctive order, requests to expedite the case and to be relieved of the requirement to apply for *in forma pauperis* status, to appoint counsel, and for an order preventing retaliation. (Docs. 3-4). Separately, non-party federal prisoners Aaron M. Carrion and Matthew Higgins-Vogt have filed separate motions to join class action. (Docs. 5-6). Carrion and Higgins-Vogt did not sign the complaint and presently are non-parties in this action. *See generally* (Doc. 1).

**Plaintiff's Allegations**

In his complaint, Plaintiff alleges he and others have "endured a month of lock down" ongoing at U.S. Penitentiary Atwater ("USP Atwater"). *Id*. at 1. Plaintiff asserts that on August 9, 2024, a "chemical substance" was introduced into USP Atwater's mailroom. *Id*. A mailroom supervisor was exposed to the substance and passed away. *Id*. The alleged parties responsible were arrested, charged, and are awaiting prosecution. *Id*.

As a result of the incident, Defendant Warden J. Doerer ("Defendant") initiated a lockdown of USP Atwater. *Id*. Plaintiff alleges the lockdown, initiated on August 9, 2024, through the date of the filing of the complaint, has affected the entire prison population. *Id*. at 1-2. Plaintiff "accept[s] being 'locked down' while [Defendant] addresses valid safety and security concerns." *Id*. at 1. Plaintiff alleges the "intentional putative measures, violation of [Bureau of Prisons "BOP")] policy, and the violation of constitutional rights [] serve no legitimate penological interest. *Id*. at 1-2.

Plaintiff asserts Defendant has denied him and the entire prison population access to administrative remedies. *Id*. at 2, 4. Plaintiff alleges Defendant has denied him and the entire prison population access to the news and contact with families and lawyers. *Id*. at 2. Specifically, Plaintiff alleges all incoming mail, visits, phone access, email access, "revalidating [and] recharging and electronic devices for radio access," television access, and commissary access to buy radio and batteries have been suspended. *Id*.

Plaintiff also claims Defendant has implemented a local "Green Bag Shakedown" policy that is contrary to BOP policy. *Id*. Plaintiff alleges that he and the entire prison population were

ordered to pack their personal property in a green bag. *Id*. Plaintiff claims that whatever personal property that did not fit into the green bag was confiscated and no confiscation form was provided. *Id*. Plaintiff alleges that the amount of personal property allowed by BOP policy that fit into an assigned locker far exceeds the space provided in the green bag. *Id*. at 3. Further, Plaintiff alleges that during this process all legal material including transcripts, discovery, case files, exhibits, and legal books were confiscated. *Id*.

Plaintiff also contends Defendant has failed to provide him and the entire prison population with regular access to health, dental, and psychological services. *Id*. Plaintiff claims there has been only one opportunity to fill out a "sick call request" while in lockdown. *Id*. Plaintiff asserts that through this lockdown, there has been no doctor working and available to provide treatment and prescribe medication. *Id*. Plaintiff claims he has been prohibited from purchasing "the full selection of [over the counter medication] twice per week as is required by BOP policy." *Id*. Separately, Plaintiff claims the lockdown has resulted in "reduced calorie cold meals, no access to commissary, no time outside, no recreation, religious services, or education reentry services." *Id*.

**Plaintiff's Request to Appoint Counsel**

In support of his request for appointment of counsel, Plaintiff asserts he lacks education and experience to prosecute a class action lawsuit. (Doc. 4 at 2). In anticipation of the Court certifying a class, Plaintiff asserts he requires counsel to investigate and undertake discovery. *Id.*

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n. 1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

The Court finds that at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff has not filed the required *in forma pauperis* documents and Plaintiff's complaint has not yet been screened. The Court cannot evaluate the likelihood of success on the merits.

The Court must also evaluate Plaintiff's ability to articulate claims pro se in light of the complexity of the legal issues involved. In this case, the Court notes that Plaintiff's filings reflect Plaintiff is logical and articulate. (*See, e.g.,* Docs. 1, 3, 4). *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"). Moreover, judges in this district have held that First and Eighth Amendment and due process claims are not complex. *See Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Smith v. Gonzales*, No. 1:17-cv-00436-DAD-GSA-PC, 2022 WL 2133918, at *1 (E.D. Cal. June 14, 2022) (inmate's First Amendment claims "are not complex"); *Bowell v. Montoya*, No. 1:17-cv-00605-LJO-GSA-PC, 2018 WL 4772030, at *1 (E.D. Cal. Oct. 1, 2018) (due process claims not complex). In short, the Court finds Plaintiff able to articulate her claims in light of their complexity.

Next, Plaintiff is advised that neither incarceration nor indigency are exceptional circumstances warranting the appointment of counsel. *See Tri v. Gutierrez*, No. 1:22-cv-00836-ADA-SKO (PC), 2023 WL 6930783, at *4 (E.D. Cal. Oct. 18, 2023); *Davis v. Portillo*, 2023 WL 4979965, at *2; *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Callender v.*

*Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018). *See also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding that plaintiff failed to demonstrate exceptional circumstances despite his contentions that "the pain from his surgery limited his ability to prepare for trial, and prison officials had denied him access to his legal documents, thereby limiting his ability to prepare for trial").

Plaintiff is further advised that the fact an attorney would be better prepared to litigate and try this action, does not amount to an exceptional circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (declining to appoint counsel where plaintiff argued imprisonment "will greatly limit his ability to litigate," finding such challenges "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

Also, there is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).  For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  In sum, the Court finds no exceptional circumstances warranting the appointment of counsel in this matter (*Rand*, 113 F.3d at 1525) – particularly given, as discussed further below, that Plaintiff may not maintain this case as a class action or otherwise represent a putative class.

**Plaintiff's Request to Proceed as Class Action**

Plaintiff, his proposed co-plaintiffs in his complaint (Doc. 1 at 1), and the non-parties requesting to join the "class action" (Docs. 5-6), are all non-lawyers proceeding without counsel.

1 It is well established that a layperson cannot ordinarily represent the interests of a class.  *See*
2 *Smith v. Schwarzenegger*, 393 Fed. Appx. 518, 519 (9th Cir. 2010) (citing *McShane v. United*
3 *States*, 366 F.2d 286, 288 (9th Cir. 1966)).  A non-attorney proceeding pro se may bring his own
4 claims to court but may not represent others.  *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th
5 Cir. 1997); C.*E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (non-
6 attorney has a right to appear pro se on his/her own behalf, but "has no authority to appear as an
7 attorney for others"); *accord Alexander v. New Jersey State Parole Bd.*, 160 Fed. Appx. 249, 250
8 n.1 (3d Cir. 2005) ("a prisoner proceeding pro se may not seek relief on behalf of his fellow
9 inmate") (citing *Oxedine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).  It follows that the
10 request of non-parties Carrion and Higgins-Vogt to join any class (Docs. 5-6) are improper.

11 Separately, the Federal Rules of Civil Procedure and this Court's Local Rules require that
12 all filed pleadings, motions, and papers be signed by the party personally if the party is
13 unrepresented.  *See* Fed. R. Civ. P. 11(a); Local Rule 131(b).  Here, while Plaintiff has signed the
14 complaint (Doc. 1 at 4), none of Plaintiff's proposed co-plaintiffs (*id*. at 1) or Carrion and
15 Higgins-Vogt (Docs. 4-5) have signed the complaint.

16 Further, after reviewing the complaint, the Court has determined that Plaintiff and each
17 proposed co-plaintiff should proceed separately on individual claims.  Rule 21 of the Federal
18 Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on
19 just terms, add or drop a party…[or] sever any claim against a party."  Fed. R. Civ. P. 21.  Courts
20 have broad discretion regarding severance.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271,
21 1297 (9th Cir. 2000); *Maddox v. Cnty. of Sacramento*, No. 2:06-cv-0072-GEB-EFB, 2006 WL
22 3201078, at *2 (E.D. Cal. Nov. 6, 2006).

23 Generally, an action brought by multiple plaintiffs proceeding pro se in which one or more
24 of the plaintiffs are in custody presents procedural problems that cause delay and confusion.
25 Delay can arise from the transfer of prisoners to other facilities or institutions, and the changes in
26 address that occur when prisoners are released from custody.  Further, the need for all plaintiffs to
27 agree on all filings made in this action and the need for all filings to contain the original
28 signatures of all plaintiffs will lead to delay and confusion.  Therefore, the Court will order that

1    Plaintiffs' claims be severed.  Plaintiff shall proceed as the sole plaintiff in this action; and new
2    actions shall be opened for the proposed plaintiffs: (1) Jeff Kile, (2) Kareem Lanier, (3) Christian
3    Navedo, (4) Michael Ridgeway, (5) Dominem Wilson. (6) James Papazian, (7) Ronnie Gonzalez,
4    (8) Jeremy Prewitt, (9) Billie Johnson, (10) Kayce White, (11) Aaron M. Carrion, and (12)
5    Matthew Higgins-Vogt.  Each plaintiff shall be solely responsible for prosecuting his action and
6    will be provided a civil rights complaint form and an application to proceed *in forma pauperis*.

7        Plaintiff and the proposed plaintiffs are advised that a federal court must screen a
8    prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28
9    U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has
10   raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
11   may be granted, or that seek monetary relief from a defendant who is immune from such relief.
12   28 U.S.C. § 1915A(b)(1) & (2).  "Notwithstanding any filing fee, or any portion thereof, that may
13   have been paid, the court shall dismiss the case at any time if the court determines that the action
14   or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

15       A complaint is required to contain "a short and plain statement of the claim showing that
16   the pleader is entitled to relief."  Fed. R. Riv. P. 8(a)(2).  Detailed factual allegations are not
17   required but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
18   conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*
19   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
20   true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,
21   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a
22   viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim
23   to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572
24   F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions
25   are not.  *Id*.  The mere possibility of misconduct falls short of meeting this plausibility standard.
26   *Id*.

27       Accordingly, the Court shall screen any amended complaint from Plaintiff detailing his
28   individual claims and any complaints filed by the proposed co-plaintiffs.  The Court shall hold

Plaintiff's request for injunctive relief in abeyance pending the filing of his complaint and *in forma pauperis* application. The Court shall deny Plaintiff's request for order preventing retaliation as retaliation is already prohibited. Because the Court has already addressed Plaintiff's filing, the request that this case be granted "expedited status" shall be denied.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request that this case proceed as a class action (Doc. 1) is DENIED;
2. The claims of Plaintiff Michael Benanti are SEVERED from the claims of the ten (10) remaining plaintiffs (all currently housed at USP Atwater):
    i. Jeff Kile, 08806-030
    ii. Kareem Lanier, 69000-054
    iii. Christian Navedo, 36719-054
    iv. Michael Ridgeway, 72873-067
    v. Dominem Wilson, 87135-510
    vi. James Papazian, 30410-047
    vii. Ronnie Gonzalez, 41893-054
    viii. Jeremy Prewitt, 22708-026
    ix. Billie Johnson, 88324-509
    x. Kayce White, 31988-171;
3. Plaintiff Michael Benanti shall proceed as the sole plaintiff in case number 1:24-cv-01108-CDB;
4. The Clerk of the Court is directed to:
    i. Open a separate civil action for each of the remaining ten (10) plaintiffs;
    ii. Open a separate civil action for Aaron M. Carrion, 23020509 (*see* Doc. 5) and Matthew Higgins-Vogt, 21996-026 (*see* Doc. 6);
    iii. Randomly assign each new civil action to a Magistrate Judge according to the Court's usual assignment of civil cases;
    iv. File and docket a copy of this order in the new actions opened for Kile,

Lanier, Navedo, Ridgeway, Wilson, Papazian, Gonzalez, Prewitt, Johnson, White, Carrion, and Higgins-Vogt;

    v. Send each of the 13 plaintiffs (including Plaintiff Benanti) a copy of the complaint (Doc. 1), filed on September 18, 2024; bearing the case number assigned to each plaintiff's individual action;

    vi. Send each of the 13 plaintiffs (including Plaintiff Benanti) a civil rights complaint form;

    vii. Send each of the 13 plaintiffs (including Plaintiff Benanti) an application to proceed *in forma pauperis*;

5. Within 45 days from the date of service of this order, the 13 plaintiffs (including Plaintiff Benanti) SHALL FILE a signed complaint bearing his own case number;

6. Within 45 days from the date of service of this order, the 13 plaintiffs (including Plaintiff Benanti) each SHALL PAY the filing fee for his action, or complete and submit an application to proceed *in forma pauperis* bearing his case number; and

7. **Failure by a plaintiff to comply with this order may result in the dismissal of the plaintiff's case**.

IT IS SO ORDERED.

Dated: **October 3, 2024**

UNITED STATES MAGISTRATE JUDGE