UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF KILE,<br><br>  Plaintiff,<br><br>  v.<br><br>J. DOERER,<br><br>  Defendant. | No.  1:24-cv-01177-KES-SAB (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS, DENYING MOTION FOR RECONSIDERATION AS MOOT, AND DENYING MOTION FOR EXTENSION OF TIME AS UNNECESSARY<br><br>(ECF Nos. 10, 11, 13, 14) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action.

On December 9, 2024, the Court ordered Plaintiff to show cause why the action should not be dismissed, without prejudice, for failure to exhaust the administrative remedies.  (ECF No. 7.)  Plaintiff filed a "request for judicial notice" on January 6, 2025, which the Court construed as a response to the order to show cause.  (ECF No. 8.)  In response, on January 10, 2025, Findings and Recommendations were issued to dismiss the action, without prejudice, for failure to exhaust the administrative remedies.  (ECF No. 10.)

On February 20, 2025, Plaintiff filed a motion for reconsideration, motion for class certification, response to the now-discharged order to show cause, and motion for 90-day extension of time for all pending deadlines.[1]  (ECF Nos. 11, 12, 13, 14.)

---

[1] Plaintiff's motion for class certification is addressed by separate order.

1

1  In response to the order to show cause as the exhaustion of the administrative remedies, Plaintiff contends that the lack of exhaustion of the administrative remedies is not clear from the face of the complaint because the "administrative remedies were unavailable." (ECF No. 13 at 4.)[2] Based on Plaintiff's contentions in the current response to the order to show cause, the Court will vacate the Findings and Recommendations recommending dismissal of the action for failure to exhaust. However, because exhaustion of the administrative remedies is an affirmative defense, the Court makes no ruling as to whether Plaintiff has, in fact, exhausted the administrative remedies. Inasmuch as the Court will vacate the Findings and Recommendations recommending dismissal for failure to exhaust, Plaintiff's motion for reconsideration of the Court's prior orders is denied as moot. In addition, Plaintiff's motion for an extension of time to comply with all future deadlines is denied as unnecessary as there are currently no pending deadlines in light of this order. Lastly, Plaintiff is advised the Court will screen his complaint pursuant to 28 U.S.C. § 1915A in due course.

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations issued on January 10, 2025 (ECF No. 10), are VACATED;
2. Plaintiff's motion for reconsideration filed on February 20, 2025 (ECF No. 11) is DENIED as moot; and
3. Plaintiff's motion for an extension of time filed on February 20, 2025 (ECF No. 14) is DENIED as unnecessary.

IT IS SO ORDERED.

Dated: **February 25, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[2] Plaintiff also submits that there is a delay of 30 to 60 days in receipt of the mail at the United States Penitentiary in Atwater. (ECF No. 11, 13, 14.)