UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF KILE,<br><br>            Plaintiff,<br><br>      v.<br><br>J. DOERER,<br><br>            Defendant. | No.  1:24-cv-01177-KES-SAB (PC)<br><br>ORDER DENYING REQUEST FOR JUDICIAL NOTICE<br><br>(ECF No. 18) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action.

Currently before the Court is Plaintiff's request for judicial notice, filed February 28, 2025. (ECF No. 18.)  Plaintiff requests that the Court take judicial notice of the deliberate delay in delivery of mail by Defendant.  (Id.)  Plaintiff references a letter signed by D. Datray, Supervisory Correctional System Specialist at the United States Penitentiary, Atwater, which states that there was a delay in receipt of some of the mail from the Court.  (ECF No. 14.)

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein." Marsh v. San Diego Cnty.,

1

432 F.Supp.2d 1035, 1043 (S.D. Cal. May 5, 2006), citing <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689–90 (9th Cir. 2001).

      Plaintiff's request for judicial notice shall be denied. Although Plaintiff asserts, and submits a letter in support thereof, that there has been a delay in receipt of mail from the Courts, Plaintiff's request for judicial notice is not necessary. In issuing the Court's February 25, 2025, order, vacating the prior Findings and Recommendations recommending dismissal for failure to exhaust, the Court considered Plaintiff's contention that there has been a delay in receipt of mail and noted that there are currently no pending deadlines as Plaintiff's complaint will be screened in due course. (ECF No. 15.) To the extent Plaintiff may need additional time to comply with future court orders, he may file a request at the appropriate time. Accordingly, Plaintiff's request for judicial notice of the delay in receipt of his mail is DENIED as unnecessary.

IT IS SO ORDERED.

Dated:   **March 4, 2025**

STANLEY A. BOONE  
United States Magistrate Judge