UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF KILE,<br><br>               Plaintiff,<br><br>     v.<br><br>J. DOERER,<br><br>               Defendant. | No. 1:24-cv-01177-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF No. 23) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action.

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed July 28, 2025.

**I.**

**LEGAL STANDARD**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation

1

1    omitted).

2    Federal courts are courts of limited jurisdiction and in considering a request for
3    preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it
4    have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983);
5    Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S.
6    464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no
7    power to hear the matter in question. Id. Requests for prospective relief are further limited by 18
8    U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find
9    the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation
10   of the Federal right, and is the least intrusive means necessary to correct the violation of the
11   Federal right."

12   Furthermore, the pendency of this action does not give the Court jurisdiction over prison
13   officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v.
14   United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties
15   in this action and to the viable legal claims upon which this action is proceeding. Summers, 555
16   U.S. at 491–93; Mayfield, 599 F.3d at 969.

## II.

## DISCUSSION

19   In his motion, Plaintiff seeks injunctive relief based on the lockdown at the United States
20   Petitionary in Atwater from August 9 to October 9, 2024. (ECF No. 23 at 1.) Plaintiff submits
21   that "[t]he prevailing attitude is that a lockdown suspends prisoner access to administrative
22   remedies, medical treatment, the ability to buy over the counter medicine, cleaning supplies,
23   confiscation of property and rejection of mail without written notice…." (Id.) Plaintiff requests
24   an order directing Warden J. Doerer to: (1) create and enforce a policy that a policy that ensures
25   administrative remedies are available twice a week during a lockdown; (2) ensure that all
26   outgoing mail is sent out not later than 72 hours after its receipt; (3) ensure the delivery of
27   incoming mail to an inmate no later than 72 hours after its receipt; (4) enforced the policy of
28   providing each inmate with a formal written rejection of all mail that is confiscated, rejected, or to

2

1  be returned; (5) suspend the confiscation of legal material by all staff members; (6) ensure that
2  each inmate is given the opportunity to go to sick call to see a doctor twice a week during a
3  lockdown that extends more than 72 hours; (7) allow each inmate to access and purchase a full
4  selection of over the counter medication twice a week during a lockdown; (8) provide cleaning
5  and cell sanitation supplies to each inmate twice a week; and (9) eliminate the discriminatory
6  medical policy which shows favoritism to inmates based on release date.  (ECF No. 23 at 5-6.)

7  Here, Plaintiff has not met the requirements for the injunctive relief that he seeks.  The
8  Court does not have personal jurisdiction or subject matter jurisdiction over Defendants because
9  none of the Defendants have received service of process as Plaintiff's complaint is pending
10 screening under § 1915A. See Zepeda v. U.S. Immigr. & Naturalization Serv., 753 F.2d 719, 727
11 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the
12 parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of
13 persons not before the court.").  Thus, there is no case or controversy before the court and it
14 cannot be determined that Plaintiff is likely to succeed on the merits of his claims.  Further,
15 Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an
16 injunction, that the balance of equities tips in his favor, or that an injunction is in the public
17 interest.  Rather, Plaintiff mainly expresses his disagreement with some of the Court's prior
18 orders.  Accordingly, Plaintiff's motion for a preliminary injunction should be denied.

## III.

## RECOMMENDATION

21  Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a
22 preliminary injunction, filed on July 28, 2025, (ECF No. 23), be DENIED.

23  This Findings and Recommendation will be submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
25 days after being served with this Findings and Recommendation, Plaintiff may file written
26 objections with the Court, limited to 15 pages in length, including exhibits.  The document should
27 be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is
28 advised that failure to file objections within the specified time may result in the waiver of rights

on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 29, 2025**__

STANLEY A. BOONE
United States Magistrate Judge